

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-7327
Re: Authority of the Comptroller of
Public Accounts to issue warrants
in payment of the certificates
described herein.

Your request for an opinion upon the above question
has been received and considered by this department. The
facts from the attached witness certificates, letters and
affidavits are as follows: The Assistant Criminal District
Attorney of Tarrant County, Texas, wrote a letter to claim-
ants, J. C. Riley and Harvey Riley of Clarendon, Texas,
asking them to appear before the grand jury of Tarrant County
to testify concerning an alleged felony. The claimants ap-
peared and testified and the Assistant Criminal District
Attorney made an affidavit to such facts and further stated
that such testimony was material and that no subpoena was
issued to either claimant. The claimants seek to recover
their statutory fees.

The authority of the Comptroller of Public Accounts
to approve the above mentioned claims for payment must be
found in Article 1036, Code of Criminal Procedure, as amend-
ed in 1941. The pertinent provisions of said Article are
as follows:

"Witnesses shall receive from the State, for
attendance upon District Courts and grand juries in
counties other than that of their residence in obe-
dience to subpoenas issued under the provisions of
law Three (3) Cents per mile, going to and return-
ing from the Court or grand jury, by the nearest
practical conveyance, and Two Dollars ($2) per day
for each day they may necessarily be absent from
home as a witness to be paid as now provided by
law; and the foreman of the grand jury, or the
District Clerk, shall issue such witness certifi-
cates therefor, after deducting therefrom the amounts
advanced by the officers serving said subpoenas, as
shown by the returns on said subpoenas; which cer-

tificates shall be approved by the District
Judge, and recorded by the Clerk in a well-bound
book kept for that purpose; provided, that when
an indictment can be found from the evidence taken
before an inquest or examining trial, no subpoena
or attachment shall issue for a witness who re-
sides out of the county in which the prosecution
is pending to appear before a grand jury. When
the grand jury shall certify to the District Judge
that sufficient evidence can not be secured upon
which to find an indictment, except upon testi-
mony of nonresident witnesses, the District Judge
may have subpoenas issued as provided for by law
to other counties for witnesses to testify before
the grand jury, not to exceed one witness to any
one fact, nor more than three (3) witnesses to
any one case pending before the grand jury."

When the foregoing provisions of the statute are
considered together, as they must, it is apparent that the
State of Texas, under the facts above stated, does not pay
the mileage and per diem therein prescribed to a witness who
attends a grand jury without the county of his residence un-
less he does so in obedience to a subpoena "issued under the
provisions of law." The statute prescribes the procedure to
be followed in obtaining a subpoena for such a witness:

"When the grand jury shall certify to the Dis-
trict Judge that sufficient evidence cannot be se-
cured upon which to find an indictment, except upon
the testimony of non resident witnesses, the District
Judge may have subpoenas issued as prescribed by law
to other counties for witnesses to testify before the
grand jury . . ."

Article 461, Code of Criminal Procedure defines a
"subpoena." The pertinent part of said Article is as follows:

"A 'subpoena' is a writ issued to the sheriff
or other proper officer commanding him to summon
one or more persons therein named to appear . . .
on a certain day . . . before . . . the grand jury
. . . The writ shall be dated and signed officially
by the court or clerk issuing same, but need not be
under seal."

By the terms of Art. 463, C. C. P. the district
clerk or his deputy is the officer designated to issue sub-
poenas to other counties.

We have found no statute empowering a county attorney, district attorney or criminal district attorney or an assistant of either of said officers to issue a subpoena for a witness to appear before a grand jury.

The undisputed facts are that no subpoena of any character was ever issued by the district clerk of Tarrant County for either of said witnesses or that the grand jury of said county ever applied to the Judge of the Criminal District Court of said county for a subpoena for either of them, but that both witnesses appeared before the grand jury upon the written request of an Assistant Criminal District Attorney of said county.

In view of the foregoing, we are forced to the inevitable conclusion that these claims for witness fees and mileage may not be legally paid by the State of Texas. Any other conclusion would do violence to the plain provisions of the statute and permit payment of such fees and mileage to a witness for attending a grand jury without the county of his residence upon the request of some officer, other than in obedience to a subpoena issued by a district clerk upon the order of the district judge of his county, as provided by Article 1036, as amended.

We are herewith returning both witness certificates and the affidavits attached thereto.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/James Anderson, Jr.
James Anderson, Jr.,
Assistant

JA:zd:wc
Encl.


APPROVED SEP 5, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman